IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLARD F. BREHM,<br>Trustee of the Willard F. Brehm Trust,<br>GLADYS M. BREHM,<br>Trustee of the Gladys M. Brehm Trust,<br>ALVENA T. FROST,<br>Trustee of the Alvena T. Frost Trust,<br>ARLIN STUTHEIT, RICHARD HAUBERG,<br>ELAINE HAUBERG,<br>GARY RADEMACHER and<br>PAMELA RADEMACHER,<br><br>      Plaintiffs,<br><br> v.<br><br>CAPITAL GROWTH FINANCIAL, INC.,<br>REBECCA ENGLE, BRIAN SCHUSTER,<br>ENGLE & SCHUSTER FINANCIAL, INC.,<br>AMERICAN CAPITAL CORPORATION,<br>ROYAL PALM CAPITAL GROUP, INC.,<br>CAPITAL GROWTH EQUITY FUND I,<br>LLC, ALAN JACOBS, MICHAEL<br>JACOBS, GERALD PARKER, JOHN<br>BOYCE, GERALDINE MAGALINCK,<br>PATRICK HARRINGTON, PETER<br>KIRSCHNER and STARK WINTER<br>SCHENKEIN & CO., LLP,<br><br>      Defendants. | 8:07CV315<br><br>REPORT AND<br>RECOMMENDATION |

   This matter is before the court on the plaintiffs' Consolidated Motions to Remand; or in the Alternative Motion for Leave to Conduct Jurisdictional Discovery; to Extend Response Deadlines; and/or to Transfer Certain Claims (Filing No. 9). The plaintiffs filed a brief (Filing No. 11) and an index of evidence (Filing No. 10) in support of the motion. The defendants Capital Growth Financial, LLC, Capital Growth Equity Fund I, LLC, Alan Jacobs and Michael Jacobs filed a brief (Filing No. 28) and an index of evidence (Filing No. 29) opposing remand. The defendant Stark Winter Schenkein & Co., LLP (Stark Winter)

filed a brief (Filing No. 27) opposing the plaintiff's request for jurisdictional discovery. The plaintiffs filed a reply brief (Filing No. 40) in support of their motion. The undersigned magistrate judge recommends the plaintiffs' motion to remand be granted.[1] The other relief sought by the plaintiffs need not be addressed at this time.

## BACKGROUND

This class action was originally filed by the plaintiffs in Otoe County, Nebraska, on July 5, 2007. **See** Filing No. 1, Exhibit A. This action was brought on behalf of those who purchased and acquired securities of American Capital Corporation (ACC) and Royal Palm Capital Group, Inc. (Royal Palm) from September 2002 through June 2006. **See** *id*. In a Confidential Private Placement Memorandum, ACC stated it "is a Delaware corporation that proposes to invest in securities and other intangible instruments that are traded in the public markets or issued privately. We are dependant on our receipt of the proceeds from this Offering to initiate our business plan and commence revenue producing activity." **See** Filing No. 29-3 p. 2.

Plaintiff Willard Brehm, for example, purchased ACC debentures and unregistered, private placements of ACC securities through a Confidential Private Placement Memorandum. The complaint alleges Royal Palm and ACC made material and false

---

[1] The court is entering a report and recommendation in this matter in light of the split in court decisions over whether a magistrate judge has authority to rule on a motion to remand. **Compare** *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 517 (6th Cir. 2001) (finding "remand motions are dispositive and, as such, can only be entered by district courts") and *Johnson v. Tyson Fresh Meats, Inc.*, No. C-06-1002, 2006 WL 1004970 at *1 (N.D. Iowa Apr. 17, 2006), **with** *White v. State Farm Mut. Auto. Ins. Co.*, 153 F.R.D. 639 (D. Neb. 1993) (concluding remand of a case to the state court was not an Article III function and could be ordered by a magistrate judge). In *Vogel*, the court concluded:
> [W]e apply a functional equivalency test to see if a particular motion has the same practical effect as a recognized dispositive motion. Applying that test, . . . we too find that a remand order is the functional equivalent of an order to dismiss. The practical effect of remand orders and orders to dismiss can be the same; in both, cases are permitted to proceed in state rather than federal court.

*Vogel*, 258 F.3d at 517. **Accord** *First Union Mortgage Corp. v. Smith*, 229 F.3d 992 (10th Cir. 2000); *In re U.S. Healthcare*, 159 F.3d 142, 145 (3d Cir. 1998); **see also** *Meier v. Premier Wine & Spirits, Inc.*, 371 F. Supp. 2d 239, 241-42 (E.D.N.Y. 2005) (noting that "[m]ost district courts to have considered this issue have found remand to be within a magistrate judge's authority under 28 U.S.C. 636(b)(1)(A). On the other hand, every appellate court that has weighed the issue has determined a remand to be the functional equivalent of a dispositive order, and therefore beyond a magistrate judge's authority.") (collecting cases). The undersigned magistrate judge finds a report and recommendation is the most appropriate course of action in this matter.

statements to Royal Palm and ACC investors regarding the financial prospects, profitability, and financial dealings of Royal Palm and ACC. *Id.* There is no dispute that none of the securities referenced in the plaintiffs' complaint are traded nationally or are listed on a nationally regulated exchange. The removing defendants brokered the securities transactions for the plaintiffs.

On August 10, 2007, the defendants Capital Growth Financial, LLC, Capital Growth Equity Fund I, LLC, Alan Jacobs and Michael Jacobs removed this action to the United States District Court for the District of Nebraska. **See** Filing No. 1. The removing defendants allege this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1446 and the Securities Litigation Reform Act (SLUSA), which provides for the removal of (1) a "covered class action" (2) brought under state law; (3) alleging a misrepresentation or omission of material fact; (4) in connection with the purchase or sale of a "covered security." *Id.*

In support of the motion to remand, the plaintiffs argue the claims in the current action do not involve a claim or right arising out of the constitution, treaties or laws of the United States as set forth in the defendant's Notice of Removal (Filing No. 1). **See** Filing No. 9. Specifically, the plaintiffs contend the complaint is not covered by SLUSA because the claims are not associated with a "covered security." Additionally, the plaintiffs state there is no basis for diversity jurisdiction because one or more of the defendants are Nebraska residents. The plaintiffs contend there is no basis for subject matter jurisdiction because the plaintiffs' claims for relief arise under Nebraska common law and state statutes for breach of fiduciary duty and officer and director liability. **See** *id.* The plaintiffs also seek an award of costs and actual expenses, including attorney fees, should this court grant the motion to remand. *Id.*

In the alternative, if remand is not granted, the plaintiffs request an extension of time to respond to, and leave to conduct jurisdictional discovery with regard to, Stark Winter's Motion To Dismiss (Filing No. 6). The plaintiffs state they cannot prepare an adequate response to the motion to dismiss without developing a full factual record. *Id.* Additionally, if the court determines it possesses subject matter jurisdiction, denies the plaintiff's discovery requests, and determines that Stark Winter's motion to dismiss should be

granted, the plaintiffs request that the court sever the plaintiffs' claims against Stark Winter and transfer Stark Winter's claims to the United States District Court for the District of Colorado under 28 U.S.C. § 1406 and Fed. R. Civ. P. 21. *Id.*

## ANALYSIS

Under 28 U.S.C. § 1331: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A defendant may remove a state court claim to federal court only if the claim originally could have been filed in federal court, and the well-pleaded complaint rule provides that a federal question must be presented on the face of the properly pleaded complaint to invoke federal court jurisdiction. ***Caterpillar Inc. v. Williams***, 482 U.S. 386, 392 (1987); **see** ***Gore v. Trans World Airlines***, 210 F.3d 944, 948 (8th Cir. 2000). A defendant is not permitted to inject a federal question into an otherwise state-law claim and thereby transform the action into one arising under federal law. **See** *Id.* Additionally, under 28 U.S.C. § 1441(a):

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

"The complete-preemption doctrine provides that a state-law claim becomes a federal question when Congress intends that a federal statute completely preempt the applicable field of law." ***Green v. Ameritrade, Inc.***, 279 F.3d 590, 596 (8th Cir. 2002) (**citing *Caterpillar Inc.***, 482 U.S. at 392-93). In the Notice of Removal, the defendants submit federal question jurisdiction exists under SLUSA. SLUSA "denies plaintiffs the right to use the class action device to vindicate certain" state-law securities fraud claims. ***Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit***, 547 U.S. 71, 87 (2006). A party seeking to establish a claim falls within the preemptive scope of SLUSA, for removal purposes, must show the claim satisfies four criteria: (1) the action is a "covered class action"; (2) based on state law; (3) that alleges the defendant made an untrue statement,

misrepresentation, or omission of a material fact or used a manipulative or deceptive device or contrivance; (4) "in connection with the purchase or sale of a covered security." 15 U.S.C. §§ 77p(b), 78bb(f)(1); *Green*, 279 F.3d at 596.

The party seeking removal and opposing remand has the burden of establishing federal subject matter jurisdiction by a preponderance of the evidence. *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005); **In re** *Minnesota Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003). Since removal to federal court is a statutory right, and not one granted under the Constitution, removal jurisdiction must be narrowly construed in favor of the non-removing party. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09 (1941). A district court is required to resolve doubts concerning federal jurisdiction in favor of remand, strictly construing the removal statute. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997); **In re** *Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993).

The plaintiffs and removing defendants do not dispute the first three criteria for the application of SLUSA are satisfied. **See** Filing No. 11, p. 8; Filing No. 28, p. 5-6. The court finds no lack of support for these criteria. However, the plaintiffs argue satisfying the first three criteria under SLUSA is not enough to confer subject matter jurisdiction on this court. **See** Filing No. 11.

The plaintiffs argue the allegations in the plaintiffs' complaint do not involve "covered securities" under SLUSA. As defined in 15 U.S.C. § 77bb(f)(5)(E):

> The term "covered security" means a security that satisfies the standards for a covered security specified in paragraph (1) or (2) of section 18(b) of the Securities Act of 1933 [15 U.S.C.A. § 77r(b)], at the time during which it is alleged that the misrepresentation, omission, or manipulative or deceptive conduct occurred, except that such term shall not include any debt security that is exempt from registration under the Securities Act of 1933 [15 U.S.C.A. § 77a *et seq.*] pursuant to rules issued by the Commission under section 4(2) of that Act [15 U.S.C.A. § 77d(2)].

15 U.S.C. § 77bb(f)(5)(E).

Paragraph (1) of 15 U.S.C. § 77r(b) defines a covered security as a security:

> (A)  listed, or authorized for listing, on the New York Stock Exchange or the American Stock Exchange, or listed, or authorized for listing, on the National Market System of the Nasdaq Stock Market (or any successor to such entities);
> (B)  listed, or authorized for listing, on a national securities exchange (or tier or segment thereof) that has listing standards that the Commission determines by rule (on its own initiative or on the basis of a petition) are substantially similar to the listing standards applicable to securities described in subparagraph (A); or
> (C)  is a security of the same issuer that is equal in seniority or that is a senior security to a security described in subparagraph (A) or (B).

15 U.S.C. § 77r(b)(1)(A)-(C).

Paragraph (2) of 15 U.S.C. § 77r(b) states that a "covered security" is "a security issued by an investment company that is registered, or that has filed a registration statement, under the Investment Company Act of 1940 [15 U.S.C.A. § 80a-1 *et seq.*]." 15 U.S.C. § 77r(b)(2). Stated more simply, "[a] 'covered security' is one traded nationally and listed on a regulated national exchange." **Dabit**, 547 U.S. at 83; **see also Sofonia v. Principal Life Ins. Co.**, 465 F.3d 873, 877 (8th Cir. 2006). The plaintiffs argue none of the securities referenced in the complaint are nationally traded and thus, are not "covered securities." **See** Filing No. 11, p. 9.

In the notice of removal, the removing defendants allege this lawsuit involves a "covered security" as defined by 15 U.S.C. § 78bb(f)(5)(E) under SLUSA, upon the defendants' information and belief.[2] **See** Filing No. 1, ¶ 9. Now, the removing defendants contend removal was proper because the plaintiffs' complaint ***implicitly*** alleges fraud which "coincides" with a securities transaction. **See** Filing No. 28, p. 6-7. The removing defendants assert two bases in support of this argument. First, the removing defendants argue the allegations the plaintiffs made in an action originally filed in federal court[3]

---

[2] The defendants contend counsel for Capital Growth Equity Fund I, LLC, Michael Jacobs, and Alan Jacobs, was retained one day prior to the deadline for removal and thus, make assertions based on good faith investigations since the time counsel was retained. **See** Filing No. 1 n.1.

[3] ***Willard Brehm, Trustee fo the Willard F. Brehm Trust, et al. v. Capital Growth Financial, Inc. et al.***, No. 8:07CV254 (D. Neb.) filed June 29, 2007.

6

establish that the purchase or sale of a nationally traded covered security was made. **See** *id.* at p. 7-9. The defendants state that because the plaintiffs' federally filed action and this removal action are based on the same facts, albeit different causes of action, the plaintiffs' statement that "[d]efendants made the omissions by means of a facility of national securities exchange" in the federally filed complaint, supports the inference "covered securities" form the basis for the allegations of the complaint in this case. **See** *id.*

Second, the removing defendants argue it is sufficient to trigger SLUSA that ACC and Royal Palm *intended* to purchase or sell "covered securities," as stated in documents ACC and Royal Palm sent to the plaintiffs. *Id.* at p. 8-10. Accordingly, the removing defendants contend the plaintiffs made investments based on an understanding their funds would be further invested in publically-traded companies. *Id.* at p. 9. The removing defendants argue this is similar to a case where a plaintiff agreed to allow a defendant, a money manager, full discretionary authority over the plaintiff's funds, i.e., to purchase covered securities, although the legal claims were based on the defendant's failure to disclose information about fees and conflicts of interest in the purchase and sale of securities. **See** Filing No. 28 p. 9-10 (**citing** *Dommert v. Raymond James Fin. Servs., Inc.*, 2007 WL 1018234 (E.D. Tex. Mar. 29, 2007) (finding SLUSA applied)).

The plaintiffs argue the statement the plaintiffs made in the federally filed complaint does not support removal because the allegation in the complaint addresses an element of section 10(b)(5) of the Securities Exchange Act, which is different from the element addressing "the purchase or sale of securities" at issue in this case. **See** Filing No. 40 p. 4-7. Thus, the plaintiffs state that merely discussing, referring or alleging a "facility of a national securities exchange" does not address or answer the question of whether someone bought a covered security. *Id.* Additionally, the plaintiffs argue the term "security" for the purposes of section 10(b)(5) is not the same as a "covered security" under SLUSA. *Id.* The plaintiffs note that while all "covered securities" are securities, not all securities are covered securities. *Id.* Finally, the plaintiffs argue *Dommert* does not support the removing defendants' analysis or support removal because while the documentation may state an *intent* to purchase covered securities, there is no *evidence* any covered securities were purchased or sold in this case. *Id.* at p. 7-10.

7

The court finds there is no evidence the plaintiffs' complaint relates to a covered security under SLUSA.  The removing defendants have failed to show the plaintiffs allege claims regarding acts "in connection with the purchase or sale of a covered security."  The evidence before the court shows, and there is no dispute, the securities at issue in the complaint are not traded nationally or listed on a nationally regulated exchange.  **See** Filing No. 29-8, Exhibit 1(C) - Royal Palm Confidential Disclosure Memorandum p. 1 ("The securities offered hereby have not been registered under the Securities Act of 1933, as amended.  Neither the Securities and Exchange commission nor any state securities commission has approved or disapproved of these securities . . ."); **see also** Filing No. 29-3 p. 37, Exhibit 1(A) - Subscription Agreement p. 6 ¶ 6 of Exhibit A to ACC Confidential Private Placement Memorandum (similar language regarding offering documents); Filing No. 10-3, Exhibit 2 - ACC Confidential Private Placement Memorandum p. 2 (similar language regarding memorandum).  The failure of the complaint to contain specific allegations naming the purchase or sale of a covered security does not end the analysis.

If the complaint contains allegations regarding acts "in connection with the purchase or sale of a covered security," SLUSA may still apply.

> SLUSA's "in connection with" requirement is not limited to cases involving damages claimed as a result of the purchase or sale of securities.  Instead, SLUSA applies to any covered class action alleging an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security.

***Prof'l Mgmt Assocs., Inc. Employees' Profit Sharing Plan v. KPMG LLP***, 335 F.3d 800, 803 (8th Cir. 2003) (**citing** §§ 77p(b)-(c), 78bb(f)(1)-(2)).  Further, the complaint may "***implicitly*** allege[ ] the misrepresentations and omissions were made in connection with the purchase of securities."  ***Prof'l Mgmt***, 335 F.3d at 803 (emphasis added).  The plaintiffs may not circumvent SLUSA through artful pleading as it is the substance of the allegations which controls.  ***Kutten v. Bank of Am., N.A.***, 2007 WL 2485001, *4 (E.D. Mo. Aug. 29, 2007).

The plaintiffs' complaint alleges the following facts. The defendants "made materially false and misleading statements and fraudulently concealed facts concerning ACC and Royal Palm" "to conceal from ACC and Royal Palm investors the true financial prospects, profitability and financial dealings of ACC and Royal Palm." **See** Filing No. 1, Exhibit A ¶ 2. ACC made an equity investment in Capital Growth Financial, Ltd. to entice it to distribute and sell ACC's offerings. *Id.* ¶ 3(a). Rebecca Engle and Brian Schuster were to receive a percentage of ACC stock for stock and debentures sold to investors. *Id.* ¶ 3(b). Neither Rebecca Engle or Brian Schuster had experience or were qualified to sell private placement instruments. *Id.* ¶ 3(d) and (e). Rebecca Engle and Brian Schuster targeted elderly, naive and inexperienced investors for the purchase of ACC and Royal Palm securities and they did not disclose their ownership interest in ACC. *Id.* ¶ 3(c) and (f). ACC made payments to International Monetary Group (IMG) for consulting services and for restructuring Sunshine Industries, Inc. (Sunshine). *Id.* ¶ 3(g) and (h). Sunshine's assets were seized by a lender bank due, in part, to Sunshine using the funds in violation of the terms and conditions of the loan. *Id.* ¶ 3(k). IMG was controlled and operated by the same management principles as ACC. *Id.* ¶ 3(g). ACC made a loan which was repaid to the senior manager personally. *Id.* ¶ 3(I). ACC made an ownership investment in a New York broker-dealer, which value became impaired and should have been written down. *Id.* ¶ 3(j). At the time of Royal Palms' acquisition of ACC, Royal Palm approved lump sum severance payments to the managers of ACC. *Id.* ¶ 3(l). Royal Palm management failed to provide ACC shareholders the option for the fair value of ACC shares if they did not approve the conversion of ACC shares to Royal Palm. *Id.* ¶ 3(m). Rebecca Engle and Brian Schuster continued to sell Royal Palm securities after they were advised to cease the sales. *Id.* ¶ 3(n). Further, the plaintiffs allege the defendants "failed to disclose or misstated . . . material information relating to the suitability of the Securities." *Id.* ¶ 93. Finally, the plaintiffs allege the defendants "concealed these facts with the intent to mislead Plaintiffs as to the true condition of the Securities in violation of Nebraska law." *Id.* ¶ 108.

None of the facts alleges by the plaintiffs explicitly or implicitly allege the misrepresentations and omissions were made in connection with the purchase of covered securities. The removing defendants do not show otherwise. Rather, the removing

defendants contend the plaintiffs' statements in the federally filed action should "weigh heavily" against the plaintiffs here. The court finds the federally filed action has no bearing here.

Finally, the removing defendants rely on the intent, as represented to investors in the offering documents, of ACC and Royal Palm to invest in securities and other intangible instruments traded in the public markets. **See** Filing No. 28 - Brief p. 8-9 (**citing** Filing No. 29-3 Exhibit 1(A) at p. 1, 18 and Filing No. 29-8 Exhibit 1(C) at p. 20). The removing defendants contend the intent to invest in covered securities aligns this matter with a line of cases where courts determined SLUSA applied. It is true the plaintiffs need not themselves purchase the covered security. **See *U.S. Mortg., Inc. v. Saxton***, 494 F.3d 833, 845 (9th Cir. 2007) (misrepresentations coincided with the purchase or sale of covered securities); ***Sofonia***, 465 F.3d at 879 n.4 (membership interest exchanged for stock shares). However, the alleged fraud, i.e., conduct of the defendants, must coincide with the purchase or sale of covered securities by the plaintiff or someone else. ***Dabit***, 547 U.S. at 83; ***Dommert***, 2007 WL 1018234, at * 9 ("The requisite showing, in other words, is deception in connection with the purchase or sale of any security."). Here there is no evidence before the court that there was ever any purchase or sale of a covered security.

This case is in contrast to any of the authorities cited by the removing defendants. For example, the funds used in ***Dommert*** were from clients for investment based on a financial advisor on behalf of the clients. The key misrepresentations were with regard to the investment agreement. ***Dommert***, 2007 WL 1018234, at * 9. The agreement was for the defendants, and a third party money manager, to invest the plaintiff's funds by purchasing and selling securities. ***Id.*** at *11. The nature of the relationship, and basis for the lawsuit, arose from a fee the plaintiff paid for the investment program. ***Id.*** The fee was based on the value of the securities. ***Id.***

Unlike ***Dommert***, here, the plaintiffs invested in ACC and Royal Palm, the companies, rather than the plaintiffs opening investment accounts managed by ACC, Royal Palm, or others, as was the case in ***Dommert***. The plaintiffs, here, bought an interest in ACC and/or Royal Palm for these companies to engage in their own business plans. The offering documents' stated intent to purchase securities is immaterial since no covered

securities were purchased and the plaintiffs' allegations of misconduct do not related to the purchase or sale of such securities. **But cf.** *Saxton*, 494 F.3d at 844-45 (SLUSA applied where investors made loans to publically traded company whose alleged scheme affected share prices). Therefore, ACC and/or Royal Palm's proposed intent to do so is insufficient for purposes of SLUSA as the alleged fraudulent scheme does not coincide with covered securities transactions. Accordingly, the defendants have not met their burden of showing how the securities are covered securities for purposes of SLUSA.

Based on the facts of this case, SLUSA, and the attending case law, jurisdiction would not appear proper in United States District Court. Therefore, the undersigned magistrate judge recommends the plaintiffs' motion to remand be granted. Further, the undersigned magistrate judge recommends that no attorney fees be assessed against the defendants under 28 U.S.C. §1447(c). Upon consideration,

**IT IS RECOMMENDED TO JUDGE JOSEPH F. BATAILLON that:**

The plaintiffs' Consolidated Motions to Remand; or in the Alternative Motion for Leave to Conduct Jurisdictional Discovery; to Extend Response Deadlines; and/or to Transfer Certain Claims (Filing No. 9) be granted, in part. The portion of the motion seeking remand should be granted, except that no attorney fees be assessed against the removing defendants. The remainder of the motion need not be addressed.

**ADMONITION**

Pursuant to NECivR 72.3 any objection to this Report and Recommendation shall be filed with the Clerk of the Court within ten (10) business days after being served with a copy of this Report and Recommendation. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 7th day of January, 2008.

BY THE COURT:

 s/Thomas D. Thalken
 United States Magistrate Judge