IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLARD F. BREHM, Trustee of the Willard F. Brehm Trust, GLADYS M. BREHM, Trustee of the Gladys M. Brehm Trust, ALVENA T. FROST, Alvena T. Frost, Trustee of the Alvena T. Frost Trust, ARLIN STUTHEIT, RICHARD HAUBERG, ELAINE HAUBERG, GARY RADEMACHER, and PAMELA RADEMACHER, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>    v.<br><br>CAPITAL GROWTH FINANCIAL, Inc., REBECCA ENGLE, BRIAN SCHUSTER, ENGLE & SCHUSTER FINANCIAL, Inc., AMERICAN CAPITAL, Corporation, ROYAL PALM CAPITAL GROUP, Inc., CAPITAL GROWTH EQUITY FUND I, LLC, ALAN JACOBS, MICHAEL JACOBS, GERALD PARKER, JOHN BOYCE, GERALDINE MAGALINCK, PATRICK HARRINGTON, PETER KIRSCHNER, and STARK WINTER SCHENKEIN & CO., LLP,<br><br>                Defendants. | 8:07CV315<br><br>MEMORANDUM AND ORDER |

This matter is before the court on defendants Capital Growth Financial, LLC, Capital Growth Equity Fund I, LLC, Alan Jacobs, and Michael Jacobs's objection, Filing No. 68, and defendant Stark Winter Schenkein & Co.'s objection, Filing No. 71, to the report and recommendation of Magistrate Judge Thomas D. Thalken, Filing No. 64.  This action was originally filed in the District Court of Otoe County, Nebraska, and was removed to this

court pursuant to 28 U.S.C. §§ 1441 and 1446.  The plaintiffs filed a motion to remand, Filing No. 9.

The magistrate judge recommended that this court grant the plaintiffs' motion to remand, Filing No. 64.  The magistrate judge found that the allegations in the plaintiffs' complaint do not involve "covered securities" under SLUSA.  Additionally, the magistrate judge found that ACC and/or Royal Palm's proposed intent to purchase covered securities is insufficient for purposes of SLUSA as the alleged fraudulent scheme does not coincide with covered securities.

The defendants filed objections to the Report and Recommendation, Filing No. 68, based on the following:

1. The well-pleaded complaint rule that requires the court to look beyond the face of the complaint when determining if SLUSA applies and that SLUSA is to be interpreted broadly.

2. That insufficient weight was given to the allegation in the federal complaint that the defendants "made omissions by means of a facility of a national securities exchange."

3. Case law provides that no actual purchase or sale need to have taken place in order for SLUSA to apply.

4. The fraud alleged "coincides" with the purchase or sale of covered securities under *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 547 U.S. 71 (2006).

5. The facts of this case are analogous to those in *Dommert v. Raymond James Financial Services, Inc.*, 2007 WL 1018234 (E.D. Tex. Mar. 29, 2007) and, therefore, this court should deem removal proper.

Pursuant to 28 U.S.C. § 636, the court has conducted a *de novo* review of those

portions of the magistrate judge's report and recommendation to which objection has been made. The facts are adequately set forth in the magistrate judge's report and recommendation and need not be repeated here. Additionally, the defendants request that the court consider as part of its *de novo* review, the amended complaint filed by the plaintiffs in *Brehm, Trustee of Willard Brehm Trust, et al. v. Capital Growth Financial, Inc., et al,* Case No. 8:07-CV-315 (D. Neb.) ("the Original Federal Action"). Because the magistrate judge considered the original complaint in making its determination and the amended complaint was filed after the magistrate judge issued his report and recommendation, the court deems it to be in the interest of justice to consider the amended complaint filed on January 17, 2008, as part of its *de novo* review.

The burden is on the defendant to demonstrate that the requirements of SULSA are met. *Green v. Ameritrade, Inc.*, 279 F.3d 590, 597 (8th Cir. 2002). The question the court must consider is whether the complaint "can reasonably be read as alleging a sale or purchase of a covered security made in reliance on the allegedly faulty information provided to [the plaintiff] and to putative class members by [the defendant]." *Id.* at 598; *see also Prof'l Mgmt. Assoc., Inc. v. Employees Profit Sharing Plan*, 335 F.3d 800, 803 (8th Cir. 2003) (*quoting Green*, 279 U.S. at 597). Additionally, "[n]o matter how an action is pleaded, if it is a 'covered class action . . . involving a covered security,' removal is proper. . . . [SLUSA's] preemptive force cannot be circumvented by artful drafting." *Rowinski v. Salomon Smith Barney Inc.*, 398 F.3d 294, 298 (3d Cir. 2005). Because SLUSA contains an express exception to the well-pleaded complaint rule, the court must "look beyond the face of [the] Complaint" to determine whether SLUSA applies. *Dudek v. Prudential Sec., Inc.*, 295 F.3d 875, 879 (8th Cir. 2002).

The defendants are correct that SLUSA is meant to be construed broadly. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit,* 547 U.S. 71, 85-86 (2006). However, no

3

matter how broad the reading, SLUSA cannot apply to cases where no "covered securities" are involved.

The defendants' request that the court take judicial notice of paragraph 110 of the complaint filed in *Brehm, Trustee of Willard Brehm Trust, et al. v. Capital Growth Financial, Inc., et al.,* Case No. 8:07-CV-254 (the "254 case").  Even if the court does take judicial notice of the allegation in paragraph 110 that the defendants "made the omissions by means of a facility of a national securities exchange," this allegation still does not allege the purchase or sale of a covered security as required under SLUSA.[1]  In order for SLUSA to cover a security listed on a national securities exchange, it must be shown that the particular national securities exchange at issue has "listing standards that the Commission determines by rule (on its own initiative or on the basis of a petition) are substantially similar to the listing standards applicable to securities described in subparagraph (A) [the New York Stock Exchange, the American Stock Exchange, or Nasdaq Stock Market].  15 U.S.C. §77r(b)(1)(B).  There is no evidence in the record that any of the private placement securities or debentures were purchased or sold on a national securities exchange that meets the requirements of 15 U.S.C. §77r(b)(1)(B).  Thus, this allegation, even under the well-plead complaint rule and a broad reading SLUSA, does not amount to an admission that there was the purchase or sale of a covered security.

In *Green v. Ameritrade*, the court held that no SLUSA preemption applied because his complaint does not satisfy the SLUSA "in connection with" requirement.  *Green*, 279 F.3d at 599.  The court found that misrepresentation claims come in many forms that do not necessarily involve any purchase or sale of a security; a party may even plead such a

---

[1] In the plaintiffs' first amended complaint in the 254 case, they allege "Defendants, directly and indirectly, used the means and instrumentalities of interstate commerce, including the United States mails, interstate telephone communications and the facilities of the national securities exchanges" in connection with the acts, transactions and conduct alleged herein.  First Amended Complaint, ¶ 184

4

claim and escape SLUSA preemption, so long as his state-law claim does not require him to prove there was a sale or purchase of a covered security in reliance on the misrepresentation. *See Abada v. Charles Schwab & Co.*, 127 F. Supp.2d 1101, 1103 (S.D. Cal.2000) (remanding to state court class-action lawsuit seeking to recover for online brokerage service's misrepresentations about its online trading system because claim "had nothing to do with the trading of any particular security and any misrepresentation made . . . did not affect the value of the security but merely involved the relationship between [the online broker] and its customers").

Similarly, in this case the alleged fraud and misrepresentations do not involve a covered security. The plaintiffs knowingly purchased private placement securities and debentures. Neither ACC, Royal Palm nor any of the companies issued any covered securities, or that they purchased, sold, or held any covered securities as part of their investments.

The defendants argue, however, that the Private Placement Memorandum of ACC provides in relevant part that ACC "proposes to invest in securities and other intangible instruments that are traded in the public markets or issued privately." Filing No. 29, Exhibit 3, p. 1. There is no evidence that the defendant traded in the public markets. In *Dabit* the court held that it is not "the identity of the plaintiffs," but the alleged conduct of the defendants that "determine[s] whether the complaint alleges fraud 'in connection with the purchase or sale' of securities." While the plaintiffs have alleged fraudulent conduct, there is no evidence that the defendants' conduct involved "covered securities."

The defendants rely on an unreported case from the Western District of Oklahoma, *Schnorr v. Schubert*, 2005 WL 2019878 (W.D. Okla. 2005) to show that "connection with the purchase and sale of a covered security" can also apply statements that covered securities will be purchased, sold, or held. However, in *Schnorr*, the plaintiff conceded that

the defendants' misrepresentations and omissions involved "covered securities." *Id.* at *4. There are no such concessions in this case.

The defendants further assert that the amended complaint contains a number of allegations that they were going to take companies that they held "public"–and that these constitute grounds for the application of SLUSA. However, there is no evidence that a public offering ever took place. Again, unlike *Schnorr*, where the plaintiffs thought they were purchasing covered securities, in this case the plaintiffs knew they were purchasing private placements and debentures. The plaintiffs' allegations of fraud and misrepresentation deal with the sale and purchase of the private placement securities and debentures, not covered securities. Thus, the court finds *Schnorr* unpersuasive.

Additionally, the defendants' reliance on *Dommert v. Raymond James Financial Services, Inc.*, 2007 WL 1018234 (E.D. Tex. Mar. 29, 2007) is misplaced. In *Dommert*, the court did not determine whether there was a "covered security," but instead whether the allegedly excessive fees charged were "in connection with" the actual purchase of covered securities. The issue involved in this case is not whether there is a connection to the purchase or sale of a covered security or whether the fraud coincides with the purchase or sale of a covered security, but whether by definition there are any "covered securities" involved in this case. Thus, *Dommert* is inapplicable to the facts of this case.

The magistrate judge, and this court as part of its *de novo* review, looked beyond the pleadings and construed SLUSA broadly but cannot find any evidence of the purchase or sale of a **covered security**. Thus, the removal was not proper.[2]

IT IS ORDERED that:

1.  Defendants' objections, Filing Nos. 68 and 71, to the report and recommendation

---

[2] Even if this court were to retain jurisdiction and dismiss the state law class-action counts, the plaintiffs could still proceed in state court individually, or in any group of fewer than 50 plaintiffs.

of the magistrate judge, Filing No. 64, are overruled.

2. The report and recommendation of the magistrate judge, Filing No. 64, is adopted.

3. Plaintiffs' motion to remand, Filing No. 9, is granted.

4. Defendant Stark Winter Schenkein & Co.'s motion to dismiss, Filing No. 6, denied without prejudice.

5. The motion to dismiss, Filing No. 18, and motion to take judicial notice of defendants Capital Growth Financial, Capital Growth Equity Fund I, Alan Jacobs and Michael Jacobs, are denied without prejudice.

6. Defendant Gerald Parker's motion to dismiss, Filing No. 54, is denied without prejudice.

7. The parties' stipulated motion for extension of time to file a response to defendant Gerald Parker's motion to dismiss, Filing No. 58, is denied as moot.

8. This action is remanded to the District Court of Otoe County, Nebraska.

DATED this 25th day of February, 2008.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge